IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TIMOTHY O'NEAL BULLOCK,

    **Plaintiff,**

v.                                             Civil Action No. 3:24cv432

UNKNOWN,

    **Defendant.**

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate proceeding *pro se*, submitted a letter indicating that he wished to bring a civil complaint and requested the appointment of counsel. (ECF No. 1.) By Memorandum Order entered on June 27, 2024, the Court denied the request for counsel without prejudice, and directed the Clerk to mail Plaintiff a standardized form for filing a 42 U.S.C. § 1983 complaint. (ECF No. 3.) The Court explained that if Plaintiff wished to file a complaint at this time, he should complete and return the form to the Court within thirty (30) days of the date of entry thereof. (ECF No. 3, at 1.) The Court noted that if Plaintiff failed to take any action within that time, the Court would dismiss the action without prejudice. *See* Fed. R. Civ. P. 41(b). Plaintiff failed to submit the § 1983 complaint form, and by Memorandum Opinion and Order entered on August 5, 2024, the Court dismissed the action without prejudice. (ECF Nos. 5, 6.) On August 16, 2024, the United States Postal Service returned the August 5, 2024 Memorandum Opinion and Order to the Court marked, "Return to Sender" because Plaintiff had relocated and did not keep the Court apprised of his current address. (ECF No. 7.)

On August 26, 2024, the Court received a completed § 1983 form, (ECF No. 9), a letter requesting *in forma pauperis* status, (ECF No. 8), and noting that he is "now in Nevada

Correctional Center prison so [he] received this legal mail you sent June 27, 2024 on 8-13-24." (ECF No. 10, at 1 (spelling corrected).) Plaintiff's letter will be construed as a motion filed pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion"). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (stating that filings made within twenty-eight days after the entry of judgment are construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Plaintiff does not explicitly address any of the above recognized grounds for relief in his Rule 59(e) Motion. Plaintiff also fails to demonstrate any clear errors of law in the conclusions of the Court or that the dismissal of this action resulted in manifest injustice. Plaintiff failed to keep this Court apprised of his current address so that he could receive legal mail from the Court in a timely manner. Plaintiff offers no persuasive reason why Rule 59(e) relief is appropriate. Accordingly, the Rule 59(e) Motion, (ECF No. 10), is DENIED.

Nevertheless, because it appears that Plaintiff remains intent on litigating his complaint, the Court will DIRECT the Clerk to file his Complaint as a new civil action. The Clerk will be DIRECTED to docket a copy of this Memorandum Order in the new civil action. Once a new

civil action has been opened, the Court will continue to process the action. The present civil action, however, remains closed. The Clerk shall terminate the letter requesting leave to proceed *in forma pauperis*. (ECF No. 8.) The Clerk will send the appropriate forms for Plaintiff to complete once the new action is docketed.

    An appropriate Order shall accompany this Memorandum Opinion.

Date: 9/9/2024
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge